UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINADOR STEVENS BLANCO,

    Petitioner,

v.                                  Case No. 3:21-cv-1227-MMH-SJH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY GENERAL,

    Respondents.
_____

## ORDER

### I. Status

Petitioner Dominador Stevens Blanco, an inmate of the Florida penal system, initiated this action on December 9, 2021,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1) and a Memorandum of Law in Support of the Petition (Memorandum; Doc. 2).[2] In the Petition, Blanco challenges a 2010 state court (Duval County, Florida) judgment of conviction for armed robbery and attempted armed robbery while wearing a hood or mask. He raises two grounds for relief. See Petition at 4–8. Respondents have submitted a memorandum in opposition to the Petition,

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

arguing that the Petition is untimely. See Motion to Dismiss as Untimely Filed (Response; Doc. 6). They also submitted exhibits. See Docs. 6-1 through 6-30. Blanco filed a brief in reply. See Reply (Doc. 7). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Blanco has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). Response at 9–10. The following procedural history is relevant to the one-year limitations issue. On July 8, 2010, the State of Florida charged Blanco by amended information with three counts of armed robbery (counts one through three) and two counts of attempted armed robbery (counts four and five) while wearing a hood or mask, as well as one count of resisting an officer without violence to his or her person (count six).[3] Doc. 6-7 at 35–36. After a two-day trial, on July 14, 2010, a jury found him guilty of the charges of armed robbery and attempted armed robbery

---

[3] The State filed a nolle prosequi in count six. Doc. 6-12 at 20.

3

while wearing a hood or mask. Doc. 6-4. On August 25, 2010, the circuit court sentenced Blanco to a term of imprisonment of forty years with a ten-year minimum mandatory sentence as to counts one through three, and a term of imprisonment of thirty years with a ten-year minimum mandatory sentence as to counts four and five, all terms to run concurrently. Docs. 6-5, 6-12.

On August 16, 2011, the Florida First District Court of Appeal (First DCA) per curiam affirmed Blanco's conviction and sentence without a written opinion, see Blanco v. State, 88 So.3d 152 (1st DCA 2011) (Table) (1D10-4666). Doc. 6-15 at 2; Doc. 6-17 at 89. The First DCA issued the mandate on September 1, 2011. Doc. 6-17 at 88.

On July 20, 2012, Blanco submitted for mailing his first motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Id. at 6–32. On March 2, 2016, the post-conviction court dismissed ground one of the motion with leave to amend. See Doc. 6-1 at 5. On April 29, 2016, Blanco filed an amended 3.850 motion, which the post-conviction court denied on June 6, 2016. Doc. 6-17 at 42–72; Doc. 6-28 at 43–73. On May 1, 2017, the First DCA per curiam affirmed the denial of the amended 3.850 motion without a written opinion (1D16-3222). Doc. 6-19. It issued the mandate on July 5, 2017. See Doc. 6-16 at 2; Doc. 6-19 at 4.

On August 3, 2017, Blanco submitted for mailing a petition for writ of habeas corpus challenging his conviction in the circuit court. Doc. 6-21 at 5–23. On May 7, 2018, the circuit court denied the petition. Id. at 39–41. On April 25, 2019, the First DCA dismissed Blanco's appeal for failure to file an initial brief (1D18-2975). Doc. 6-22.

Blanco filed a second 3.850 motion on October 3, 2018, which the post-conviction court dismissed as untimely on February 20, 2019. Doc. 6-24 at 5–36. The First DCA per curiam affirmed the dismissal without a written opinion on February 14, 2020, and issued the mandate on March 13, 2020 (1D19-2090). Doc. 6-28 at 267–69.

On November 4, 2019, Blanco submitted for mailing a "Motion to Submit as Timely Filed," asking the post-conviction court to accept as timely filed the attached "Amended Motion for Postconviction Relief" with a mailbox stamp of October 3, 2012. Doc. 6-29 at 5–6, 9–17. Blanco explained:

> The Defendant recently discovered that the October 3, 2012, motion has never been ruled on. After a Public Records Request filed to the Clerk of Court on October 11, 2019, the Defendant has discovered that the October 3, 2012 motion had never been filed by the Clerk of Court. See Public Records Response dated 10-23-19 attached.
>
> The Defendant provided mailroom staff at Jackson C.I. the motion on October 3, 2012. Through no fault

5

>of his own, the motion was either lost by Jackson C.I.'s Mailroom staff or mishandled by the Clerk of Circuit Court. See copy of Motion for Post-[C]onviction Relief attached.

Id. at 5 (enumeration omitted). On November 25, 2019, the post-conviction court denied Blanco's request, stating that even if the court assumed the motion had been timely filed, it would have still failed on the merits. Doc. 6-28 at 221–24. The court determined that because Blanco had not raised the asserted ground for relief[4] at any point after being given leave to amend in 2016, he had "abandoned his errant motion." Id. at 221. On November 30, 2021, the First DCA per curiam affirmed the denial without a written opinion and issued the mandate on December 28, 2021 (1D21-0343). Doc. 6-30 at 2–4. On December 9, 2021, Blanco submitted the instant Petition to prison officials for mailing. Doc. 1 at 8.

As Blanco's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See

---

[4] The sole ground raised in Blanco's October 3, 2012 motion was a claim of ineffective assistance of trial counsel for failure to object and move for mistrial based on the prosecutor's closing argument that allegedly presented facts not in evidence. Doc. 6-29 at 11–12. Specifically, Blanco argued the prosecutor told the jury that Greg Livingston, a victim in the case, positively identified the people who robbed him, when the evidence did not show that Livingston identified anyone who robbed him. Id. Blanco partially relied on similar arguments in his October 3, 2018 post-conviction motion, see Doc. 6-24 at 11–12, 27–28, which the court dismissed as untimely on February 20, 2019, see id. at 36.

6

28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Blanco's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Blanco to file a petition for writ of certiorari expired on Tuesday, November 15, 2011 (ninety days after August 17, 2011). See Chavers v. Sec'y, Fla. Dep't of Corrs., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Blanco had until November 15, 2012, to file a federal habeas petition. He did not file his Petition until December 9, 2021. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Blanco's first 3.850 motion, filed on Friday, July 20, 2012, tolled the one-year limitation period until the First DCA issued the mandate on July 5, 2017. See Doc. 6-17 at 6–32; Doc. 6-19 at 4. From Wednesday, November 16, 2011, to Friday, July 20, 2012, 247 days of Blanco's 365 days had passed, which left him with 118 days to file his Petition (365 days – 247 days = 118 days). The

7

limitations period began to run on Thursday, July 6, 2017, the day after the mandate was issued, and ran until Blanco filed his state habeas petition on Thursday, August 3, 2017. From July 6, 2017, to August 3, 2017, Blanco had used 28 more days, which left him with 90 days to file his Petition (118 days – 28 days = 90 days). Tolling continued until the First DCA dismissed the appeal on April 25, 2019.

Respondents assume that Blanco's October 3, 2018 post-conviction motion continued to toll the limitations period until March 13, 2020, when the First DCA issued the mandate. See Doc. 6-22; Doc. 6-28 at 267–69. However, since the post-conviction court dismissed Blanco's October 3, 2018 motion as untimely, it was not a "properly filed" motion that statutorily tolled his one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 414, 417 (2005) (holding that when a state court rejects a post-conviction motion as untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)," meaning that the motion is not "properly filed" and petitioner is not entitled to statutory tolling); Webster v. Moore, 199 F.3d 1256, 1257–59 (11th Cir. 2000) (per curiam) (finding that a Rule 3.850 motion that the state court dismissed as untimely was not "properly filed" within the meaning of § 2244(d)(2) so as to entitle petitioner to statutory tolling and explaining that a federal court

8

must give due deference to a state court's application of state filing deadlines in the context of § 2244(d)(2)). Therefore, the clock began running on Friday, April 26, 2019 (the next business day after April 25, 2019). Because Blanco had 90 days left, he had to submit his present Petition by Thursday, July 25, 2019 (April 26, 2019 + 90 days = July 25, 2019). Blanco did not file his Petition until December 9, 2021.

Even assuming that Blanco's October 3, 2018 post-conviction motion tolled the limitations period until March 13, 2020, Blanco's current Petition would still be untimely. Blanco attempted to keep the limitations period tolled by filing, on November 4, 2019, his "Motion to Submit as Timely Filed" and attaching his October 3, 2012 "Amended Motion for Postconviction Relief." See Doc. 6-29 at 5–6, 9–17. However, the post-conviction court found that Blanco had abandoned his claim when he failed to raise it after being granted leave to amend in 2016. See Morris v. State, 283 So. 3d 436, 439 (Fla. 1st DCA 2019) (per curiam) (finding the claim was abandoned when it was not included in the second amended motion for post-conviction relief and the trial court did not rule on it) (citing Watson v. State, 247 So. 3d 685, 687 (Fla. 1st DCA 2018) (per curiam)). Moreover, Blanco's November 4, 2019 "Motion to Submit as Timely Filed" did not meet the criteria of a "properly filed" application for post-

conviction relief for tolling purposes under § 2244(d)(2). See Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (explaining that, in the context of a Florida state habeas petition, a request for an extension of time to file a motion for state post-conviction relief does not toll the AEDPA's limitation period); Miller v. Fla. Dep't of Corrs., No. 3:23cv413-LC/MAF, 2023 WL 5960761, at *3 (N.D. Fla. July 20, 2023) (finding a motion for extension of time to file a Rule 3.850 motion, which was denied, did not qualify as a tolling motion under § 2244(d)(2)), report & recommendation adopted by, 2023 WL 5959431, at *1 (N.D. Fla. Sept. 13, 2023)[5]; Perry v. Sec'y, Dep't of Corrs., No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *2 (M.D. Fla. Jan. 28, 2016) (dismissing a § 2254 petition as untimely, citing Howell, and explaining that a motion for extension of time to file a Rule 3.850 motion is "not a properly filed application for state post-conviction relief," and as such, it does not toll AEDPA one-year limitations period). Thus, Blanco's November 4, 2019 "Motion to Submit as Timely Filed" did not toll the running of his one-year limitations period.

---

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

10

Accordingly, even accepting Respondents' position that Blanco's October 3, 2018 post-conviction motion tolled the limitations period until March 13, 2020, and the clock began running the next business day, Monday, March 16, 2020, Blanco's present Petition would still be untimely because he did not file it by Monday, June 15, 2020 (March 16, 2020 + 90 days = Sunday, June 14, 2020). See Fed. R. Civ. P. 6(a)(1)(C). Because the Petition is untimely filed, it is due to be dismissed unless Blanco can establish either equitable tolling or actual innocence. Blanco does not argue that he is entitled to equitable tolling and there are no allegations that would support due diligence or extraordinary circumstances beyond his control. See Holland v. Florida, 560 U.S. 631, 649 (2010); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does he claim actual innocence as a gateway to federal habeas review. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

**IV. Certificate of Appealability
Pursuant to 28 U.S.C. § 2253(c)(1)**

If Blanco seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make

11

this substantial showing, Blanco "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

12

1. Respondents' request to dismiss (Doc. 6) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Blanco appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of December, 2024.

**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11 11/15
c: Dominador Stevens Blanco, #J42197
   Counsel of Record

13